```
 1  KEVIN V. RYAN (SBN 118321)
    United States Attorney
 2  JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
 3  EDWIN L. JOE (SBN 112328)
 4  Special Assistant United States Attorney

 5      455 Market Street, 6th Floor
        San Francisco, California  94105-2420
 6      Telephone:  (415) 744-8494
 7      Facsimile:  (202) 481-1810 or (415) 744-6812
        Email:      edwin.joe@sba.gov
 8
    Attorneys for Federal Plaintiff
 9
10                  IN THE UNITED STATES DISTRICT COURT
11                FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                        SAN FRANCISCO DIVISION
13
14  UNITED STATES OF AMERICA,       )
15          Plaintiff,              )  E-Filing
                                    )
16          v.                      )  Civil Case No.  C06 3879 EMC
                                    )
17  ALTOTECH, II L.P.,              )  COMPLAINT FOR RECEIVERSHIP
                                    )  AND PERMANENT INJUNCTIVE
18                                  )  RELIEF
                                    )
19          Defendant.              )
                                    )
20  _____  )
```

21  COMES NOW Plaintiff, United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the Small Business Administration (hereinafter, "SBA"), whose central office is located at 409

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF        1

```
 1  KEVIN V. RYAN (SBN 118321)
    United States Attorney
 2  JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
 3  EDWIN L. JOE (SBN 112328)
 4  Special Assistant United States Attorney

 5     455 Market Street, 6th Floor
       San Francisco, California  94105-2420
 6     Telephone:   (415) 744-8494
       Facsimile:   (202) 481-1810 or (415) 744-6812
 7     Email:       edwin.joe@sba.gov
 8
    Attorneys for Federal Plaintiff
 9
10                  IN THE UNITED STATES DISTRICT COURT
11                FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                        SAN FRANCISCO DIVISION
13
14  UNITED STATES OF AMERICA,         )
        Plaintiff,                    )
15                                    )
                                      )
16       v.                           )   Civil Case No.
                                      )
17  ALTOTECH, II L.P.,                )   COMPLAINT FOR RECEIVERSHIP
                                      )   AND PERMANENT INJUNCTIVE
18                                    )   RELIEF
                                      )
19      Defendant.                    )
                                      )
20  _____)

21  COMES NOW Plaintiff, United States of America, on behalf of its agency, the Small Business
22  Administration, and for its cause of action states as follows:
23
                       PARTIES, JURISDICTION AND VENUE
24
25     1.  This is a civil action brought by the United States of America on behalf of its agency,
26  the Small Business Administration (hereinafter, "SBA"), whose central office is located at 409
27
28
    COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF        1
```

Third Street, S.W., Washington, D.C., 20416. The Defendant has stipulated and consented to the entry of the requested relief in this civil action.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687c and 687h; and 28 U.S.C. § 1345.

3. Defendant, AltoTech II, L.P., (hereinafter, "AltoTech") is a California limited partnership.

4. Defendant, AltoTech maintains its principal office and/or principal place of business at One Lagoon Drive, Suite 100, Redwood Shores, California 94065. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

5. The purpose of the Small Business Investment Act (hereinafter the "Act") is to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

6. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC") 15 U.S.C.§ 687(c). SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

7. An SBIC is a corporation, limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. 15 U.S.C. § 681(c).

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF       2

8. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

9. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ration of outstanding leverage to leverageable capital.

10. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

11. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

## STATEMENT OF FACTS

12. AltoTech was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on December 4, 2000, SBA License No. 09/79-0431, under Section 301(c) of the Act,

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF         3

1  15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations
2  promulgated thereunder.

3     13. Defendant's sole general partner is AltoTech Ventures, LLC.

4     14. The Amended and Restated Agreement of Limited Partnership of AltoTech submitted
5  to SBA expressly provide that AltoTech was organized solely for the purpose of operating under the
6  Act and subject to regulations issued by SBA thereunder.

7     15. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided financing
8  to AltoTech through the guarantee of the following participating securities totaling $14,250,000:

| Loan No. | $ Principal | Issue Date |
|---|---|---|
| 02040651-09 | 2,000,000 | December 4, 2001 |
| 02040652-07 | 2,000,000 | January 4, 2002 |
| 02040653-05 | 4,000,000 | May 13, 2002 |
| 02040654-03 | 2,000,000 | June 5, 2002 |
| 02040655-01 | 3,000,000 | May 12, 2003 |
| 02040656-10 | 1,250,000 | December 3, 2004 |

(hereinafter referred to collectively as the "Participating Securities").

16. Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than eighty five (85%), as that term is defined under the Regulations.

17. Based on Defendant's financial statements (SBA Form 468) for the period ending March 31, 2005, SBA determined that Defendant had a condition of Capital Impairment, as that term is defined under the Regulations of ninety six and one half percent (96.5%).

18. By letter dated July 8, 2005, Defendant was given an opportunity to cure its Capital Impairment within 15 days of the date of that letter. Defendant failed to cure its Capital Impairment within the time permitted.

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**   4

19. By letter dated February 16, 2006, SBA notified Defendant that it had been transferred to liquidation status. To date, AltoTech has failed to cure its capital impairment.

## COUNT ONE

## CAPITAL IMPAIRMENT

20. Paragraphs 1 through 19 are incorporated by reference as though set forth in their entirety herein.

21. Section 107.1830(b) of the Regulations provides that if you have a condition of Capital Impairment, you are not in compliance with the terms of your leverage. 13 C.F.R. § 107.1830.

22. Section 107.507(a) of the Regulations provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations. 13 C.F.R. § 107.507.

23. To date, Defendant has failed to cure its condition of Capital Impairment, as defined under the Regulations, and a balance of $14,250,000 of Participating Securities purchased by SBA remains outstanding.

24. AltoTech's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of Prospero.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining AltoTech, its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of AltoTech's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of AltoTech, wherever located; or (3) violating the Act or the Regulations promulgated thereunder.

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     5

B. That this Court determine and adjudicate AltoTech's noncompliance with the requirements of the Participating Security and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C. That this Court take exclusive jurisdiction of AltoTech, and all of its assets, wherever located, appoint SBA as permanent receiver of AltoTech for the purpose of liquidating all of Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to AltoTech, as appropriate and subject to all the provisions of the settlement agreement.

D. That this Court order that AltoTech's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

F. That this Court grant such other and further relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

Dated: __June 21, 2006__         By: ___/s/ Edwin L. Joe___
                                 EDWIN L. JOE
                                 Special Assistant
                                 United States Attorney

Of Counsel:

ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement

U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416

Email:      arlene.messingerlerner@sba.gov
Telephone:  (202) 205-6857
Facsimile:  (202) 481-0325

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF      6

1  B. That this Court determine and adjudicate AltoTech's noncompliance with the requirements of the Participating Security and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C. That this Court take exclusive jurisdiction of AltoTech, and all of its assets, wherever located, appoint SBA as permanent receiver of AltoTech for the purpose of liquidating all of Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to AltoTech, as appropriate and subject to all the provisions of the settlement agreement.

D. That this Court order that AltoTech's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E. That this Court grant such other and further relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

Dated: June 21, 2006    By: _____
EDWIN L. JOE
Special Assistant
United States Attorney

Of Counsel:

ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement

U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416

Email:      arlene.messingerlerner@sba.gov
Telephone:  (202) 205-6857
Facsimile:  (202) 481-0325

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**      6